Frank Composto, J.
This is an article 78 proceeding brought by Bushwick Community Association (B.C.A.) to review and annul the determination of respondents which in effect removed petitioner as the local anti-poverty agency for the Bushwick area of Brooklyn. Respondents cross-move to dismiss.
Petitioner, a membership association made up of residents of the Bushwick community, has for several years functioned as the conduit for public anti-poverty funds earmarked for that community. The respondents are the agencies of the city government which are charged with the administration of community action programs as provided for by the Equal Opportunity Act of 1964 (U. S. Code, tit. 42, § 2701 et seq.). In furtherance of this, the respondents have designated 26 poverty areas in the City of New York, including the Bushwick section of Brooklyn. The respondents have chosen to administer each of these areas through community action boards set up in each of the 26 communities as provided for in section 2791 of title 42 of the United States Code.
B.C.A., as one of these community action boards, is representative of the community which it serves, as envisioned by the foregoing statute, in that its board of directors is elected *750 at open neighborhood elections administered by the city. However, the only authority which petitioner possesses is that which is delegated by the city agencies, which have the primary responsibility for the anti-poverty programs (see U. S. Code, tit. 42, § 2791, subd. [c]). This transfer of authority is embodied in a contract between petitioner and respondents. The last contract period was from October 1, 1973 through September 30, 1974. The determination being challenged in this proceeding is the respondents’ decision not to renew the contract beyond the afore-mentioned expiration date.
The contract, by its terms, was revocable at the option of the city, either for cause, or without cause, upon two weeks’ notice to B.C.A. Moreover, the contract specifically provided that the city was under no obligation to continue funding B.C.A.’s programs after the expiration of the term of the contract.
In view of the foregoing, petitioner has no legal right to the relief sought, namely, a continuation of its status as the local anti-poverty agency for the Bushwick community. In bringing this proceeding, however, plaintiff relies on the case of Brownsville Community Council v. Human Resources Admin. (Samarsky, J., N. Y. L. J., Nov. 26, 1973, p. 17, col. 4), wherein an organization similar to petitioner requested the same relief sought herein. In the Brownsville case (supra) the proceeding was not dismissed and a temporary injunction was issued. However, the decision of the court therein was based upon a showing of improper activities and motives on the part of agents of the city agencies in refusing to renew the expired contract.
In the instant proceeding, there are no allegations of such improper conduct or motives on the part of respondents. Indeed, in the papers accompanying both the respondents’ cross motion and the petition, ample basis for respondents’ determination is evident. There was an admitted lack of responsible financial control over the funds provided to petitioner, resulting in improper expenditures and overdrawing of petitioner’s bank accounts. Under .such circumstances, the city agencies were completely justified in seeking out a new anti-poverty agency for Bushwick. Furthermore, the establishment by respondents of an 1 ‘ interim ’ ’ agency to function for the community until a neighborhood-based agency, as envisioned by subdivision (c) of section 2791 of title 42 of the United States Code can be set up, cannot be characterized as an abuse of authority, but is rather a proper administrative act.
In view of the foregoing, the court shall not grant the respondents’ cross motion to dismiss, which was based on legal insuffi *751 ciency, but shall deny the application and dismiss the proceeding on the merits based on the record now before the court.
Accordingly, petition is denied and the proceeding is dismissed on the merits.